Your Honor, in support of the case of the morning call 210-346, the Villas of Mundelein v. Andre Bogachev. On behalf of the Avalanche, Mr. Joe Genghis, on behalf of the Avalanche, Mr. Darren Miller. Good morning, Mr. Genghis. May it please the Court, Mr. Miller. This case comes before the Court on the defendant's motion to dismiss for speedy trial purposes. The motion originally had to be denied by the trial judge, Judge Lawler, and subsequently granted later by a different judge on a motion to reconsider. Judge Lawler based his ruling on the Hampton case, being fully aware that the Hampton case had been decided on a matter of a defendant in custody. But he was struck with the language and the rationale of the Hampton case and thought that it applied to all speedy trial cases, not just those in custody. And that's the position you've taken also, correct? Yes, Judge. And I was going to ask you then, how do you explain the fact that the legislature added language, especially that last sentence in subsection A, but it was not added in subsection B? Are you suggesting we have to read that language in, in order to interpret A and B the same way? Well, I believe that the language in A is specifically different from B and it was put there specifically. And I think that Judge Lawler would have agreed with that, too, that delays for someone in custody have to be agreed upon by the defendant. I think that the generality that he extended it to was in one situation only. And that was when a case was set for trial and a defendant knowingly knew that it was outside of the 160-day period, that to sit idly by and say nothing and then just show up on trial date and request a dismissal was, to use the Hampton words, using the speedy trial statute as a sword, not as a shield. It was really basically taking the speedy trial statutes and turning them into a game of gotcha, that if the defendant was really interested in a speedy trial rather than getting off on a technicality, that Judge Lawler felt that he should stand up and demand his right for a speedy trial. And if the judge was setting it outside that period, he should say, Judge, I have a right to have my trial within that 160-day period and you're setting it outside that. He thought specifically the language of Hampton and Cordell were trying to avoid just that case of turning the speedy trial statutes into a case of gotcha. We're putting it in simple terms. A, 1035A requires the defendant to voice an objection to it. B does not. In this case, the defendant was not in custody, correct? Correct. Okay. The defendant, as I understand the facts, and I think you've conceded this in the brief, the periods that are in question, the defense answered ready. Both sides answered ready for hearing, correct? Correct. Okay. You don't have the language in B applying here ostensibly because there is no obligation under B. The defendant answers ready for hearing. How does the defendant lose the case? How is a delay attributable to the defendant under these circumstances? Well, Judge, I get to read my second point, that once a defendant files a pretrial motion, he totals the speedy trial clock. Correct. So he is then responsible for the delays normally associated with that, which includes the setting of the case for hearing, the scheduling of the case, the deliberations by the judge, the finding of his bail. As a general rule, that's correct. And also any reasonable delays that are associated with that. Now, the DeCarlis case is an example of what would be considered a reasonable delay when a judge himself or herself proposes the delay. In the DeCarlis case, there was actually three continuances on court's motion that totaled 103 days, and that was a motion for severance. How many motions did you have for continuance by the court in this case? There were two, Justice Shostak, and they were for a total of 49 days. Which is the critical period, correct? If those 49 days are out, the speedy trial term is not violated, correct? Right. Right. Isn't the law very well settled, and I'm citing the DeCarlis case, isn't the law pretty well settled that delays attributable solely to the court when both sides answer ready for trial or hearing cannot be attributed to the defendant? I think it's very well settled in terms of the speedy trial. But once a motion, pretrial motion, is filed, it totals the speedy trial, and a new set of rules come in. And that trumps the speedy trial. So in other words, if the court continues a case for years, that trumps the speedy trial rule, according to you. Well, it does as long as the delays are reasonable. I mean, if they're unreasonable, the court has various sanctions they can impose. But it's hard to see how a court can find that its own motion was unreasonable. But I think that there's no right to a speedy hearing. There is a statutory right to a speedy trial. The filing of the pretrial motion tolls the running of this speedy trial statute. And a new set of rules come into effect where actually it is the defendant that bears the burden of bringing the hearing to fruition, not the state. The state has the burden of bringing a trial, bringing a case to trial. But a defendant has the burden of bringing a motion to hearing. So what did the defendant do wrong here? Well, I don't think the defendant did anything wrong. I think the defendant asked for a hearing on a motion to quash, arrest, and suppress evidence. And the defendant knew or should have known that that tolls the running of the speedy trial statute during the duration of the pendency of that motion. I'm getting a little bit confused, too, perhaps. The defendant files a speedy trial demand pursuant to the statute B. Correct. 160 days we agree is the period. Correct? Yes. The defendant files a motion. The defendant and the village answer ready. And twice the matter is continued on the court's motion. You're saying it doesn't matter. The defendant filed a motion, ergo the speedy trial term is tolled indefinitely. That has to be your position. It is. My position is that he is responsible, once he files the motion, for the time associated with the scheduling and the bringing of the matter to hearing, as well as reasonable delays. That's in the Erickson case, reasonable delays. Correct. But you're missing the point. That's the defendant's responsibility. I guess what I'm asking is, to put it bluntly, what could the defendant have done differently? The defendant files a motion. The defendant asks for hearing. The defendant steps up before the court answers ready. The village answer is ready. The court then continues it. And you're saying that's okay. That can go on indefinitely. Well, I'm saying that the court is obviously managing its own call. And I think if the court is continuing it, the court is continuing it. I think, actually, even if the prosecution is continuing it, as long as their delays are reasonable, that those are still attributable to the defendant. And you have case law that suggests the delay, then, is considered attributable to the defendant. Yes, Judge. And I think I've cited it. In the Carlos case, as I say, it's perhaps the most obvious example of where 109 days, 103 days was continued on the court's motion, on a hearing on a motion for severance. And that was charged to the defendant for the speedy trial purposes. And did the defendant, in that case, counsel, answer ready every time the matter was called for hearing? I believe so. That would make a difference, wouldn't it? Well, what the Carlos case specifically said was that the failure of the defendant to take any affirmative action, including objecting to the rescheduling or renewing of the speedy trial demand, constitutes an implicit agreement to the continuances and tolls the running of the term period under 103.5b for the duration of the continuances. So, he failed to object, failed to renew his speedy trial, and this court found that it constituted an implicit agreement for those continuances and tolled the running of the term period under 105b. What was that case to cite? That was a September 1980 case. September 1980, and the statute has changed since then, has it not? Well, A has changed, Judge, but I don't know what B is. Right. I think the Carlos case also said that since the defendant was on bail, there was no indication that his interests were in any way prejudiced by the district trial delay. Had the defendant requested an earlier trial date, the court could have accommodated him. So, I think in answer to your question, one of the things, of course, that the defendant could do would be to ask for a trial date. I think in felony courtrooms, that's routinely done. On the early dates, they set a trial date as well as hearing dates. If the defendant is really pursuing his speedy trial, really wants a speedy trial and is pursuing that. So, and then again, so you're saying the defendant should have objected him. You're still back to your original position. Well, my original position is that the Carlos case said he didn't object. My original position is that as long as the delays are considered reasonable, that they are attributable to the defendant. Delays in the setting of the hearing. He is responsible, unlike the speedy trial portion itself. Once he files the speedy trial motions, he's told to speedy trial. This is something very interesting. You're saying delays in the setting of the hearing. The matter had already been set for hearing. The defendant in this case wasn't responsible for any delays in the setting of the hearing. According to your original. I'm saying reasonable delays in the process of bringing the hearings to conclusion. He was not responsible at all. He files the motion. The answer is ready. And the court continues. How is the defendant responsible for any delays at all here? He has the primary responsibility of calling the case for hearing and disposing of it. But he did. Are you submitting, Mr. Dingus, that this would require, that this would apply to both in custody and out of custody? Well, I think under the speedy trial, certainly not under Hampton. I think under Hampton, there's a specific set of rules for those in custody that they have to object to any continuance. But with regard to the broad issue of speedy trial, I do believe that once he files a motion, period, in custody or out of custody, he is responsible at that point on for the time normally associated with that, including, he's responsible, including reasonable delays. So had he not filed the motion, there would not be delays to get to the trial. Therefore, you're attributing that to him. Correct. He's made a choice that he needs to have a hearing to take precedence over his speedy trial requirement. There are issues to be determined at the hearing that are more important than the speedy trial, acknowledging that that tolls the running of the speedy trial. And the case law says that he is responsible for those delays, as long as they're reasonable. I think that a judge could certainly find delays not being reasonable. If he found that the state was being dilatory in pursuing the hearing and their delays were unreasonable, I think he certainly could make a finding and a ruling. Counsel, aren't there a long line of cases that you're overlooking? Aren't there a long line of cases, correct me if I'm wrong, that say continuances simply for the court's scheduling purposes cannot be attributed to the defendant? How do you square your argument with that line of cases? Your Honor, I square that argument because it's certainly 100% true when we're talking about the running of the speedy trial. Well, that's what we're talking about. When a defendant files a motion, he tolls the running of the speedy trial. Initially, that's correct. I think he tolls it, Your Honor, for the duration of that, until that motion of his. So once he files a motion, it doesn't matter whether the court ever calls it done according to you. Carry your argument out to its logical extension. He files a motion. That's the ballgame. When the court gets around to it, even if it's five years later, correct, there's no speedy trial violation, correct? Well, Your Honor, I can't imagine a situation where a judgment... But you're saying that's a possibility under your scenario, right? Yes. If it is on the court's motion, I don't see how the court can rule that its motion is unreasonable. If it were dilatory tactics based on by the state, I certainly think that a court could make a finding, a specific finding to that effect, and a ruling that should be attributable to the state for speedy trial violations. So to the state, you're basically saying whatever the court does is okay. I'm saying that the cases that I cited stand for the proposition that it tolls the running of the speedy, the filing of the motion tolls the running of the speedy trial, and that from that point on, it is the defendant's responsible for the time to call the case for hearing. In fact, it's his burden to call the case for hearing. Which he did. And for the scheduling of that and reasonable delays associated with the hearing. And that's regardless of the complexity of the motion. Let's say he files a boilerplate motion that... No, Your Honor. It only applies to motions that would delay the setting of the trial or the conducting of the trial. Obviously, a motion for adjustment of bail or something like that would not delay the setting of the trial or the conducting of the trial. But a motion to severance would, a motion to quash arrest, to suppress evidence would. Those types of things that would delay the setting of the trial or the conducting of the trial. Yes, it does apply to those. But not to the boilerplate ones. It wouldn't affect that. So you're saying if those motions were heard within that speedy trial term, is that, then the delay is attributable to the defendant? Yes. Is what you're saying? Yes. That's what I'm saying. Okay, you'll have additional time on rebuttal. Thank you. Mr. Miller? Good morning, Your Honors. Good morning. May it please the Court, Darren Miller on behalf of the defendant, appellee, Mr. Bogachev. We've already gone over some of this, but there's essentially two issues. First of all, does Cordell and Hampton apply to out-of-custody defendants? And I think I don't see how it possibly could. Clearly both those cases involved construing subsection A of 103-5, which applies to the 120-day rule for in-custody defendants. And Cordell noted that in 1999, the statute for the in-custody defendants, subsection A, added the language, quote, delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial and oral demand for trial on the record. So Cordell and Hampton were interpreting that language under subsection A. Counsel, your opponent falls back on a very simplistic argument that you need to address. There's two points. The law is well set up. You file a motion to suppress, and generally that totals the term. So he's saying that's what happened there. Motion to suppress was filed. Eric Cordell, the case can be continued indefinitely. What's your response? Well, I have a couple of responses. First of all, the motion doesn't necessarily delay trial. But then secondly, I think, I believe counsel's brief even points out that crowded dockets is normally attributable to the state. And if you look at procedurally what happened here, looks like on March 13th the defendant filed a motion to suppress statements. And again, if you look at the motion, it looks to be a very simple motion. It's a misdemeanor DUI case. It refers to one police officer. So it doesn't appear that there's really any reason to be delaying this. And in fact, the state appeared to be ready at all times for this. This appeared to be totally on the court, the reason for delaying this. Both sides answered ready twice, correct? Correct. That's what the record appears to say. But how do you address this point? Again, you need to address this point. He's saying a motion to suppress was filed. Therefore, it's totaled indefinitely. How do you respond to that? Why isn't his position? It's not the filing of a motion that's the problem. It's the court's continuance on its own initiative due to an overcrowded docket that's the problem. So the law says that delay is attributable to who? To the state. That's what the law is. And if you look here, it looks like on March 13th the motion to suppress was filed. And it was set for hearing on April 3rd. So to the extent that the motion to suppress does cause any delay, the trial court properly found that that delay was attributable to the defendant because that's the delay that's naturally required. Yes, that's naturally required to bring the motion to hearing. But once it was set for hearing on April 3rd, the court continued it because of an overcrowded docket. And the defendant has no control over the court's docket. Neither does the state, correct? Correct. But this is the defendant's right that we're speaking of. It's his right to speedy trial. But why shouldn't the rationale of Hampton apply here? That a defendant in custody is not permitted to use 1035A as a shield, protect his right to be tried promptly, but it can't be used as a sword either. I mean, why shouldn't that apply to a defendant who is out of custody? I mean, I guess the simple answer is because the legislature only set that rule for subsection A and not subsection B. If you look at the law that applied prior to Cordell and Hampton, mere acquiescence to a continuance or if a defense counsel were just to stay mute and not say anything, that was okay. That would still be on the state, the continuance. It was only if he affirmatively agreed to the continuance that the continuance would be on the defendant. So subsection A, the legislature changed that law at least for settlement of trials under that section, but they didn't do that for subsection B. So you're saying the plain language answers that question. The legislature saw the case law, decided, whoa, we've got to do something about this. They then chose specifically to amend A and they left B alone. They were certainly capable of incorporating the same obligation in B as they had in A, and they chose not to do that. Correct, and I actually thought of this question might be coming, and no one knows exactly why the legislature does what it does, but you can also note that there's a 120-day rule for in custody and then there's 160 for out of custody. So you already have that extra 40 days to play with. One could presume that someone who's out of custody more or less likely would not have committed as serious of an offense as people who are in custody. And, you know, I guess it's not our place to second guess the legislature. We've got to look at the plain language of the statute and even apply the rule of lenity in favor of the defendant. And I think that it's clear that that doesn't apply. The rationale of Court Elton Hampton is related to the statutory language that was added in 1999 for subsection A and doesn't apply to subsection B. I'd also just like to, before concluding, just remind the court that it is the trial court's discretion. The judge was in the best place to determine exactly. Well, wait a minute. Didn't we have a judge who was the trial court judge rule on the motion and then another judge came in and reversed that judge basically? The first judge didn't rule on the time period. The only judge to rule on the days of delay was the second judge, Judge Waldeck. The first judge merely disposed of the defendant's motion to dismiss on the grounds that of Court Elton Hampton, which I think I agree with. The second judge was clearly correct that Court Elton Hampton does not apply. So basically, you're asking us to affirm the trial court's rule. Correct. And if there are no other questions, I'd ask that you affirm the trial court's rule. Thank you. Thank you. Mr. Genghis. Justice Hudson, I know you're having trouble on this particular thing about the infinite, the indefinite extension by the trial court. I would just like to point out that in the Carlos case specifically, it said it's the court's rescheduling on its own motion that defendants asserts is not his responsibility and not chargeable to him. So that was a specific issue that they found here. That delay was twice as long as our delay. That's a 1980 case. Aren't there other cases that clearly go the opposite way? Not that I have found, Judge. Again, it's my understanding. Now, I think that what Mr. Miller says is true about that Judge Lawler made his decision primarily on the Hampton case. I think that the interesting thing he found also on the Hampton case was that it appeared that the defendants in custody had a tougher burden than defendants that were not in custody, and that didn't seem to make sense to him. And I think he was limiting his findings specifically to just the setting of a trial date, the knowing acceptance of a trial date outside the speedy trial period, not to the general notion that all continuances needed to be objected to by a defendant not in custody. I think counsel's characterization of these motions as not being that important motions I think is counterintuitive. These were motions to quash arrests and suppress evidence as well as a motion to suppress statements. I think in many cases, as we're all aware, these motions are determinative of the outcome of the case, and they're crucial that they be resolved before. I think in the unlikely case of a judge continuing a case on his own motion for some determinative period of time, even if he failed to find that those were reasonable continuances, perhaps an appellate court would find that those were unreasonable. But I do believe that the case law that I have been able to discover shows that the filing of these motions clearly told the running of the speedy trial and that a different set of rules apply to that donut there during the pendency of those motions before they are resolved. That a different set of rules apply to those that apply to the speedy trial, and that is that the defendant is responsible for reasonable delays. The court's own motion, I believe, is a reasonable delay, and we ask that you attribute those to him rather than to the defendant. So one final question. When you cited McArvis, it is resting your argument on McArvis. You cited McReef, and I quote, while the general rule, the ultimate responsibility for delays caused by overcrowded dockets rests with the government, not the defendant. Is that not in McReef? Yes. Okay. So how does McArvis help you? That is for the running of the speedy trial, but the running of the speedy trial is told when they file those motions. So that part of it does not apply when there is a pretrial motion filed by the defendant that interrupts and tells the running of the speedy trial. Thank you. Thank you very much. At this time, the court will take the matter under advisement and render a decision on due course.